FILED
CLERK, U.S. DISTRICT COURT

DEC 12 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

D. Sidney Potter
In Pro Per (Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| D. Sidney Potter, ) | |
| ) | |
| Plaintiff ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| vs. ) | Civil Action No. 2:17-CV-08927-MWF-MRWx |
| ) | |
| First American International Corp., ) | |
| Raymond Yu, Mark Ricca, ) | |
| Maria Piccard, Michael Lowengrub, ) | |
| Network Temps, Inc. ) | |
| | |
| Defendants | |

Page 1

## TABLE OF CONTENTS

I. COMPLAINT..............................................................................3

II. INTRODUCTION........................................................................3

III. THE NATURE OF THE ACTION..................................................3

IV. PARTIES................................................................................6

V. JURISDICTION AND VENUE........................................................7

VI. FACTUAL ALLEGATIONS...........................................................7

VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES..........................8

VIII. ARGUMENT

   1.  FIRST CAUSE OF ACTION (Age Discrimination)............................10

   2.  SECOND CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy

      Against All Defendants)..........................................................12

   3.  THIRD CAUSE OF ACTION (Breach of Contract Against All Defendants).........13

IX. PRAYER FOR RELIEF...............................................................14

X. DEMAND FOR JURY TRIAL........................................................15

D. Sidney Potter v. FAIB. Raymond Yu, Network Temps, et al.

## COMPLAINT

Comes Now, Plaintiff, D. Sidney Potter, and files his Complaint against the above-named Defendants on the following grounds:

## INTRODUCTION

1.     This is an action for age discrimination pursuant to 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, based on Federal subject matter jurisdiction.

3.     Defendants are an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e (b).

## THE NATURE OF THE ACTION

4.     The case involves the wrongful termination by First American International Corp. (herein known as FAIB), a New York State-chartered commercial bank that is based in New York City, NY, that is also known as First American International Bank, and Network Temps, Inc., (herein known as Network Temps), is based in New York City, NY.  FAIB is licensed by several federal agencies to originate loans nationwide and is under the purvey of the Department of Housing and Urban Development. The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee/contractor with FAIB on September 27, 2017 in their operations center located at 4101 8th Ave, 3rd Floor, Brooklyn, NY 11232.  In addition, Network Temps makes placements nationwide in the mortgage banking field. Potter accepted the fulltime offer of employment from FAIB and Network Temps while in California. California law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction.

5.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 15-year period for an inordinate number of banks, finance companies, and mortgage analytics firms. Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo. Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte and Touche, Cognizant and Ernst & Young. In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles. In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant. Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst. In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter. Over a 15-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

6.      The Plaintiff, D. Sidney Potter is a published author and writes for several well known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch. He is considered a subject matter expert (SME) in the mortgage and real estate industry. Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies. In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and in 2017 he was profiled in Inman Real Estate as a "Rising Professional" for real estate advocacy.

7.     The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by First American International Bank precedent to employment as a contractor.  The Defendant, First American International Bank choose to rely on these preliminary assessments to hire Potter as a Senior Underwriter.

8.     As a result of First American International Bank and Network Temps wrongful termination of Potter's employment on December 6, 2017, and despite employment being conveyed as "guaranteed" and continually unless otherwise stated as a contractor, the following employees of First American International Bank: Raymond Yu, Mark Ricca, Maria Piccard and Michael Lowengrub, are apart of the this legal complaint via the legal theory of Respondeat Superior. It is worth noting that FAIB and Network Temps are named in a complaint with the Equal Employment Opportunity Commission (EEOC), as a result of the unlawful conduct of the four latter named Defendants.  Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.  Irrespective of the outcome of the EEOC filing, Mr. Potter asserts Causes of Actions Two and Three as a violation of federal law.

9.     This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that pervaded First American International Bank and Network Temps tenure while employed concurrently by both of these companies, with the primary offense being age discrimination, in addition to other civil rights violations.

10.     Defendants had no right to terminate Potter's employment at First American International Bank under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount in excess of at least One Hundred and Forty Five Thousand, Six Hundred Dollars ($145,600), which constitutes the annual salary over a two-year

period that Potter would have earned, in addition to punitive damages which would likely exceed that figure, to be determined by a jury of Potter's peers and/or a bench decision by this Court.

## PARTIES

11.     Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and conducting business under his sole proprietorship, entitled Potter Equities.  For the work performed for First American International Bank and Network Temps, the Plaintiff was temporally in the State of Florida.  Those employment laws are not applicable to the case at hand.

12.     Plaintiff is informed and believes and based thereon alleges that Defendant, First American International Bank, is, and at all relevant times was, a corporation that conducts business banking and mortgage origination activities, and is organized and existing under the laws of the State of California, doing business in the County of Los Angeles, State of California.

13.     Plaintiff is informed and believes and based thereon alleges that Defendant, Network Temps, is, and at all relevant times conducts business, and is organized doing business in the County of Los Angeles, State of California.

14.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant; First American International Bank, Raymond Yu, Mark Ricca, Maria Piccard, Michael Lowengrub, and Network Temps, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed

and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

### JURISDICTION AND VENUE

15.     Defendants operate their business within the State of California. All actions by Defendants alleged herein occurred within the Central District of California. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

16.     Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and each of the Defendants, First American International Bank (DOS ID#304539) and Network Temps (DOC ID #537871) conduct business in the State of California.

17.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on September 18, 2017 with Network Temps and First American International Bank for the purpose of performing mortgage operation work.  The agreement was communicated telephonically over interstate lines with California being the point of origin.

18.     The amount in controversy in this matter exceeds the sum of minimum threshold for the United States District Court, exclusive of interest and costs.

### FACTUAL ALLEGATIONS

19.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as administrated by defendant Maria Piccard. The employer, First American International Bank, authorized said training.

20.     As a result of the success of the training, Potter was offered a position with First American International Bank as a contractor under the opened-ended explicit presumption that work would be ongoing for an indefinite period.

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.

21. Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest. Potter has witnessed this dysfunctional behavior first hand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing. Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature. The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination. In part, it is "what they do".

22. To be brief, the employee, D. Sidney Potter, had his position eliminated because of a subjective bias in his performance competencies, wherein his competency – a statistical analysis will prove this fact through discovery, was at or above the requisite level, and the other reason for his termination – was because of his age. Mr. Potter was fired three days after his 53rd birthday, on December 6, 2017. In several private discussions with Maria Piccard two weeks beforehand, the Residential Operations Manager for FAIB, the Plaintiff was informed that the recent "departure/termination" of Keith Barclay, age 56 and Operations Vice President for FAIB, was because of his age. This is against the law, and as a result, First American International Bank and Network Temps will have to reimburse Potter for his economic loss.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Not all wrongful discharge claims are age discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a

claim for wrongful discharge and breach of employment contract. As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but any additional responses as apart of that filing will be filed within 120 days.

24. First American International Bank, a community based bank that hires mortgage banking professionals like the Plaintiff, will try to suggest that the email from Network Temps, dated December 6, 2017, somehow acts as a release against any and all future claims against First American International Bank and Network Temps. And even if First American International Bank tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, First American International Bank cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement, which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation. The litigation at hand against all Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

The Plaintiff, Mr. Potter has successfully self-litigated cases with and without lawyers over the past fifteen years and wins approximately 30% to 35% of his cases. He has prevailed in cases against Wells Fargo, Accenture Consulting (formerly Arthur Andersen), FTI Consulting, USAA Mortgage, Esurance, PNC Bank, Washington Mutual Bank, Dollar-Rent-A-Car, the University of Maryland, and the IRS, to name a few – in addition to the fact he successfully had the State Bar of California "reprimand" one of its own when a lawyer unsuccessfully sued Mr.

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.

Potter over a retainer fee. The enclosed Exhibits show in redacted form (including The State Bar incident), copies of some of the settlement agreements, correspondence and awards Mr. Potter has attained against other corporations, people and entities. Most of the cases stem from consumer related advocacy issues, where the Responder has most often acted in a whistle blower capacity, in addition, as already mentioned, that he has also acted as a witness for the State Bar of California in a disciplinary action against one of its own.

**In the first six months of 2017, Mr. Potter has had five financial settlement agreements in various lawsuits filed in three different legal jurisdictions.**

One of Mr. Potters' more notably wins was in Los Angeles Superior Court in 2012, where he got a default judgment for $330,000 against The University of Maryland (Potter v. David Andersen et al). That case was filed under complex litigation. But because of personal jurisdiction and venue, the case was voluntary dismissed. When the default was vacated, Mr. Potter promptly filed the same case in Maryland and won a $330,000 default against the same defendants (see enclosed Exhibits). An even more daunting task was a victory against the Internal Revenue Service, where the litigation took five years and routed itself through the Federal Court, US Tax Court and the Ninth Circuit Court of Appeals. Mr. Potter self-litigated that case and had successfully reversed claims by the IRS that he owed the federal government money for past earnings in 2007, 2008 and 2009. This is only a small list of the victories and settlements, and for economy of time, all the cases will not be listed.

### FIRST CAUSE OF ACTION

**(Age Discrimination)**

25. The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.

26. Defendants have engaged in illegal discrimination against the Plaintiff because of his age, as validated by several discussions between the Plaintiff and Maria Piccard, a FAIB employee.

27. Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

28. Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

29. On December 7, 2017, the Plaintiff filed a timely Charge of Discrimination alleging gender discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number 520-2018-01028, is attached and was filed at the EEOC New York office, located at 33 Whitehall Street, New York, NY 10004. Per the EEOC requirements, the Plaintiff submitted a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

30. The Plaintiff has satisfied all statutory prerequisites for filing this action.

31. Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

32. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

33. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the EEOC Charge of

Discrimination Inquiry Number 520-2018-01028. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## SECOND CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants)**

34.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 33 above, and incorporates those allegations herein by reference.

35.     Potter's employment with First American International Bank was terminated by Defendants in violation of fundamental public policy of the State of California and Federal law (see The Older Workers Benefit Protection Act, Pub. L. 101-433), since he was wrongly terminated as a result of his age, and in addition to professional test assessments and work product from FAIB which were falsely allege of not being substantially above what other underwriters at First American International Bank mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

36.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California and Federal law as reflected in their respective laws objectives and policies.

37.     More specifically, First American International Bank and Network Temps terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

38.     In committing the foregoing acts, First American International Bank and Network Temps are guilty of oppression, fraud, and/or malice under California Civil Code section 3294,

thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of First American International Bank and Network Temps.

39.    As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with First American International Bank and Network Temps, in an amount in excess of One Hundred and Forty Five Thousand, Six Hundred Dollars ($145,600), according to proof at the time of trial.

40.    Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

41.    Potter has been damaged in an amount within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

42.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41 above, and incorporates those allegations herein by reference.

43.    Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

44. Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

45. As a direct and proximate result of the anticipatory and material breach of the Agreement by Defendants, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with First American International Bank and Network Temps, in an amount in excess of One Hundred and Forty Five Thousand, Six Hundred Dollars ($145,600), according to proof at the time of trial.

46. Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to California Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

## PRAYER FOR RELIEF

47. For general damages, according to proof on each cause of action for which such damages are available.

48. For special damages, according to proof on each cause of action for which such damages are available.

49. For compensatory damages, according to proof on each cause of action for which such damages are available.

50. For punitive damages, according to proof on each cause of action for which such damages are available.

51. For declaratory and injunctive relief as appropriate.

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.

Page 14

52.    That the Court grant Plaintiff all employment benefits she would have enjoyed had he not been discriminated and retaliated against;

53.    That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

54.    That the Court grant Plaintiff all other relief the Court deems just and proper; and,

55.    That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and California Civil Procedure §592, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 7th of December 2017.

Respectively Submitted,

D. Sidney Potter
In Pro Per (Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.

Page 15

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th of December 2017, a copy of the foregoing was sent via first class mail to:

———————————————

Defendant Addresses:
First American International Corp.
75 West 125th Street
New York, NY, 10027

Raymond Yu
First American International Bank
75 West 125th Street
New York, NY, 10027

Mark Ricca
First American International Bank
75 West 125th Street
New York, NY, 10027

Maria Piccard
First American International Bank
4101 8th Ave, 3rd Floor
Brooklyn, NY 11232

Michael Lowengrub
First American International Bank
4101 8th Ave, 2rd Floor
Brooklyn, NY 11232

Network Temps, Inc.
53 W 36th St, #706
New York, NY 10018

EXHIBITS

D. Sidney Potter v. FAIB, Raymond Yu, Network Temps, et al.



Andrea F. Oxman, Esq.
Andrea R. Sitar, Esq.
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100 Ext. 3211
(213) 406-1101 Fax
aoxman@klinedinstlaw.com
asitar@klinedinstlaw.com

April 4, 2017

**VIA U.S. AND ELECTRONIC MAIL**

D. Sidney Potter
P.O. Box 287
Pasadena, California 91102
dsidneypotter@potterequities.com

> Re: *Potter v. Lakewood Mortgage Advisors, Inc., et al.*, Case No. BC649105
> *Potter v. FTI Consulting, et al.*, Case No. BC649104
> Our File No.: 3711-7001

Dear Mr. Potter:

My office has been retained to represent Lakewood Mortgage Advisors, Inc.; Korinna V. Keith; Larry Allen Fisk; FTI Consulting; Friedrich E. Kreuch; Sharmalee S. Henkel; Steven H. Gunby; John Kim; and Michelle Pomerantz (collectively, "Defendants") in the above referenced-matters. Please direct all future communications concerning Defendants and these lawsuits to my attention along with Andrea R. Sitar and add my firm to your service lists.

If you are interested in early resolution of these matters, please provide me with a reasonable settlement demand and documentation supporting your claims and demand, as my clients may be amenable to an early litigation avoidance settlement. In the alternative, Defendants do plan to file motions to quash your complaints given the Courts' lack of personal jurisdiction, along with demurrers to your complaints. We will meet and confer with you, as required, regarding the demurrers under separate cover.

We look forward to working with you.

Sincerely,

KLINEDINST PC

ANDREA F. OXMAN

cc: Andrea R. Sitar, Esq. (*via electronic mail only*)

Los Angeles · Sacramento · San Diego · Santa Ana · Seattle

FTI CONSULTING/LAKEWOOD
BC 649104/BC 649105

8/5/2017                          Deposit Details - chase.com



Printed from Chase Personal Online

## Deposit Overview

| Post date | Total deposit | # of checks |
|---|---|---|
| Apr 18, 2017 | amount | deposited |
| | $ | 1 |

## Check

Lakewood Mortgage Advisors, Inc.
7220 West Jefferson Avenue, Suite 323
Lakewood, CO 80235
303-600-8353

82-504/1070        5096

Date 4/10/17

Pay to the order of   D. Sidney Potter        | $

/.00                      dollars

1STBANK   www.efirstbank.com
(800) 964-3444

for CASES BC649104/BC649105

⑈107005047⑈ 2985740835⑈ 5096

| Check # | Check amount | Account # | Routing # |
|---|---|---|---|
| 5096 | $ | 2985740835 | 107005047 |

JPMorgan Chase Bank, N.A. Member FDIC        ©2017 JPMorgan Chase & Co.        Equal Opportunity Lender

https://secure07b.chase.com/web/auth/dashboard#/dashboard/accounts/activity/depositDetails

FTI CONSULTING / LAKEWOOD
BC649104 / BC649105

8/5/2017                                                                                            Print

**Subject:**   Privileged communication pursuant to white waiver- settlement discussion: Potter v NW

**From:**      Marc Hines (mhines@hineshamptonllp.com)

**To:**        sidney.potter1@yahoo.com;

**Cc:**        nhampton@hineshamptonllp.com; acooley@hineshamptonllp.com; ahernandez@hineshamptonllp.com;

**Date:**      Saturday, July 15, 2017 4:51 AM


Mr. Potter


Attached is the executed settlement.


Unfortunately, we have to issue a check. NW doesn't do bank wires. I will send the check to
you.


Please confirm the address you want it sent to.


Marc


Marc S Hines

Hines Hampton

34 Executive Park, Suite 260

Irvine, CA  92614

(714) 513-1122 (ext. 330)

(714) 242-9529 (Fax)

NATIONWIDE INSURANCE
BC 661937

8/5/2017 Deposit Details - chase.com



**CHASE**

Printed from Chase Personal Online

## Deposit Overview

| Post date | Total deposit | # of checks |
|---|---|---|
| Jul 18, 2017 | amount | deposited |
| | $ | 1 |

## Check

| | | | | |
|---|---|---|---|---|
| THIS IS NATIONWIDE WATERMARKED PAPER -HOLD TO LIGHT TO VERIFY NATIONWIDE WATERMARK | | | | 56-1544 441 |

Nationwide Insurance
Allied Insurance
Nationwide Agribusiness
Titan Insurance
On Your Side®  Victoria Insurance

Nationwide Insurance
PO Box 182166
Columbus OH 43218-2166
1-800-421-3535

Check No:     00561391
Date of Issue: 7.7.17
Void If Not Cashed Within 160 days

| Policy Number | Loss Date | Name of Insured | Claim Number |
|---|---|---|---|
| PPAC0055449274 | 5.3.17 | Sidne, Patter | 157001·GF |

PAY
EXACTLY:                                      ½ DOLLARS  $        AMOUNT

PAY TO Sidon Piller
THE
ORDER
OF

JPMorgan Chase Bank, N.A.
Columbus OH                                By

⑆00561391⑈ ⑆044115443⑆     976485227⑈

| Check # | Check amount | Account # | Routing # |
|---|---|---|---|
| 561391 | $ | 976485227 | 044115443 |

JPMorgan Chase Bank, N.A. Member FDIC          ©2017 JPMorgan Chase & Co.          Equal Opportunity Lender

NATIONWIDE INSURANCE
BC661937                    1/1

8/5/2017        Print

**Subject:** RE: D. Sidney Potter v. Eman Ali Shirazi, et al.

**From:** Park, Richard (Richard.Park@lewisbrisbois.com)

**To:** dsidneypotter@potterequities.com;

**Date:** Tuesday, June 27, 2017 6:41 PM

Mr. Potter:

Please find attached the fully-executed Settlement Agreement and Release. Can you please advise as to the mailing address to send the settlement check?

**From:** D. Sidney Potter [mailto:dsidneypotter@potterequities.com]
**Sent:** Monday, June 26, 2017 9:44 PM
**To:** Park, Richard
**Subject:** Re: D. Sidney Potter v. Eman Ali Shirazi, et al.

Mr. Park -

Per your request, the Settlement Agreement is signed and executed.

D. Sidney Potter
818-771-7710

**From:** "Park, Richard" <Richard.Park@lewisbrisbois.com>
**To:** ' D. Sidney Potter' <dsidneypotter@potterequities.com>
**Cc:** "Anderson, Connie" <Connie.Anderson@lewisbrisbois.com>
**Sent:** Monday, June 26, 2017 4:04 PM
**Subject:** RE: D. Sidney Potter v. Eman Ali Shirazi, et al.

EMAN (TOM LOIZZO, ESQ)
BC 658770

Mr. Potter:

8/5/2017                                                                                          Print

**Subject:**   RE: Enterprise Settlement proposal

**From:**   Cowan, Jeffrey (Jeffrey.Cowan@ehi.com)

**To:**   dsidneypotter@potterequities.com;

**Date:**   Wednesday, June 28, 2017 7:44 PM

Mr. Potter, thank you. Can you provide the address of your bank? We need that for KYC/security wire purposes. I would expect to have a countersigned copy to you this week to be held in trust until proof of dismissal is provided. Once provided, I will have the wire released per your request.

**ENTERPRISE**HOLDINGS.

**Jeff Cowan**
Assistant Vice President, Corporate Counsel
314-512-5000 office
314-512-4274 direct
314-512-5823 fax
jeffrey.cowan@ehi.com

600 Corporate Park Drive
St. Louis, MO 63105
enterpriseholdings.com

**From:** D. Sidney Potter [mailto:dsidneypotter@potterequities.com]
**Sent:** Tuesday, June 27, 2017 10:13 PM
**To:** Cowan, Jeffrey
**Subject:** Re: Enterprise Settlement proposal

Mr. Cowan -

Per your request, are the enclosed executed documents. Payment method can be made by way of wire transfer as notated below.

D. Sidney Potter
818-771-7710

Chase Bank:
ABA Routing Number:
Checking Number
Account Holder: D. Sidney Potter

ENTERPRISE RENT-A-CAR
17STSC04411

about:blank                                                                                          1/2

8/5/2017                                    TOTAL CHECKING - chase.com



Printed from Chase Personal Online

## TOTAL CHECKING (...3195)

| Available balance | Present balance | Debit card coverage | Overdraft protection |
|---|---|---|---|
| | | Off | On |

SHOWING:    Incoming wire transfer

| Date | Description | Type | Amount |
|---|---|---|---|
| Jul 5, 2017 | FEDWIRE CREDIT VIA: COMMERCE BANK/101000019 B/O: ERAC USA FINANCE CO ST LOUIS MOUSA631054204 REF: CHASE NYC/CTR/BNF=DAVID SIDNEY POTTER PASADENA, CA 911020287/AC 000000 093416 RFB=CB170705002057 OBI-ENTER PRISE HOLDINGS, INC. SETTLEMENT PRO POSAL IMAD: 0705J1Q526XX000296 TRN: 3025309186FF | Incoming wire transfer | |

You've reached the end of your account activity.

JPMorgan Chase Bank, N.A. Member FDIC          ©2017 JPMorgan Chase & Co.          Equal Opportunity Lender 🏠

ENTERPRISE RENT-A-CAR
17STSC04411

8/5/2017                                                        Print

**Subject:**  RE: BC652414

**From:**    Johari Townes (jtownes@dollamir.com)

**To:**      dsidneypotter@potterequities.com;

**Date:**    Monday, June 19, 2017 3:00 PM

Mr. Potter,

Thank you for your email.  Capital One has authorized me to offer $      settle the matter.  Please let me know if you accept, and if so I will prepare a settlement agreement and arrange for payment.

Thank you,

Johari N. Townes | Doll Amir Eley LLP | Phone 310.461.3106| Facsimile 310.557.9101
1888 Century Park East, Suite 1850 Los Angeles, CA 90067 | www.dollamir.com



CREATIVE (CAPITAL ONE)
BC652414

## CONFIDENTIAL SETTLEMENT AGREEMENT WITH GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement With General Release of All Claims ("Agreement") is made by and between D. SIDNEY POTTER ("POTTER" or "Plaintiff") and ; FTI Consulting ("FTI"),
and,                        "Defendants"). Plaintiff and Defendants may be referred to collectively as "the Parties" or individually as a "Party." The "Effective Date" of this Agreement shall be the first date upon which this Agreement has been fully-executed by all Parties.

*This Agreement is intended to resolve all disputes and extinguish those obligations described below.*

## RECITALS

A.    THE ACTIONS

On February 1, 2017, Plaintiff filed two lawsuits in the
Case Nos.                    (collectively, the "Actions"). In his operative complaints in the Actions, Plaintiff alleged the following claims against Defendants and other individual FTI employees: (1) Violation of the California Fair Employment and Housing Act; (2) Violation of Title VII of the Civil Rights Act of 1964; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Breach of Contract; and,

The Parties engaged in good faith settlement negotiations thereafter and now agree to settle the Actions to avoid the time and expense of ongoing litigation.

FTI CONSULTING / LAKEWOOD



# SIDNEY POTTER v. COMMISSIONER OF INTERNAL REVENUE

Print  4                                              Font size:   A   A   Reset

### United States Court of Appeals, Ninth Circuit.

### D. SIDNEY POTTER, Petitioner - Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Respondent - Appellee.

### No. 14-70789

### Decided: June 01, 2016

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM*

D. Sidney Potter appeals pro se from the Tax Court's order granting the Commissioner's motion to enter judgment reflecting that Potter has no deficiencies in income tax nor overpayments due for tax years 2007 through 2009. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's determination that it lacked jurisdiction. I & O Pub. Co. v. Comm'r, 131 F.3d 1314, 1315 (9th Cir. 1997). We affirm.

The Tax Court properly held that it was without jurisdiction to adjudicate the amount of Potter's claimed net operating losses that could only affect Potter's tax liability in tax years not before the Tax Court. See 26 U.S.C. § 6214(b); Handeland v. Comm'r, 519 F.2d 327, 329-30 (9th Cir. 1975) (in the absence of issues concerning recurring liability, only relief Tax Court can provide is finding of no deficiency).

Because the Tax Court awarded Potter all the relief he could seek from that court, Potter has impermissibly appealed a judgment favorable to himself, and we accordingly do not reach the merits of his arguments. See Clapp v. Comm'r, 875 F.2d 1396, 1398 (9th Cir. 1989) (holding that a party may not appeal a favorable judgment of the Tax Court).

AFFIRMED.

INTERNAL REVENUE SERVICE

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

D. SIDNEY POTTER

PLAINTIFF(S)

vs

*ET AL*

DEFENDANT(S)

CAL13-33660

### ORDER OF DEFAULT

UPON CONSIDERATION of Plaintiff's Motion for Order of Default, as to the Defendant, UNIVERSITY OF MARYLAND UNIVERSITY COLLEGE , and the record herein, it is this 6th day of January, 2015 by the Circuit Court for Prince George's County, Maryland

ORDERED, that the Motion for Order of Default is hereby GRANTED, and it is further

ORDERED, that Defendant, UNIVERSITY OF MARYLAND UNIVERSITY COLLEGE, is hereby declared in default. The Clerk shall issue to the Defendant, at the last known address, the Notice specified in Rule 2-613 (e), and it is further.

ORDERED, that a hearing on Ex Parte damages shall be set for Friday, April 3, 2015 at 9:00a.m before a Judge.

ALBERT W. NORTHROP, Judge

UNIVERSITY of MARYLAND

Subject:   Potter v.         et al   Settlement Agreement

From:                @seyfarth.com

To:        dsidneypotter@yahoo.com   dsidneypotter@potterequities.com

Date:      Thursday, July 5, 2012 4:21 PM

Mr. Potter

My name is              , and I am an attorney who represents Accenture LLP

Pursuant to your conversations with              I have attached a settlement agreement for your execution. I have also attached a W-9 form that the Company will need to have completed. Lastly, I have attached a Request for Dismissal for your signature. Please sign and date in the middle of the first page where indicated.

Please let me know if you have any trouble with the attachments.

-- Accenture Request for Dismissal (Potter).DOC -- --Accenture Settlement Agreement (Potter).DOC --  _W-9 (2011).PDF --

_____

Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Direct Dial (310)          | Direct Fax (310)
General Dial (310)         | General Fax (310)
@seyfarth.com | www.seyfarth.com

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is made and entered into by and between the undersigned parties ("the Parties"), D. Sidney Potter ("Potter") on the one hand, and Accenture LLP ("Accenture") on the other, for the benefit of the named defendants (identified in Paragraph 3 below) and

## RECITALS

A.    On or about April 26, 2012, Potter filed a civil action in the Superior Court for the State of California, County of Los Angeles entitled                         are No.          (the "Civil Action"). The Civil Action alleges breach of contract.

B.    The Parties hereto desire to settle all claims Potter has brought, or could have brought, through the date of execution hereof, including but not limited to those claims arising out of or relating to Potter's employment relationship with Accenture and that have been or could have been made in the Civil Action. This Agreement is for the benefit of the Parties.

NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, it is agreed as follows:

## TERMS AND SETTLEMENT

*ACCENTURE CONSULTING*

24.   Entire agreement and no representations.  The Parties agree that this Agreement constitutes the entire agreement between Potter and WFBNA and that it supersedes and replaces any prior dealings and/or agreements.  Each Party acknowledges that the other Party and his/her attorneys has made no representations or promises to his/it, other than those that are expressly set forth in this Agreement, and each Party specifically disclaims any representations or promises except to the extent that they are contained in this Agreement.

25.   Not assignable and writing to change.  This Agreement is not assignable by Potter without the prior written consent of WFBNA.  WFBNA has the right to assign its rights and obligations under this Agreement.  Any changes to this Agreement must be made in writing and must be signed by all Parties.  Further, this Agreement may not be modified or cancelled in any manner except by a writing signed by both Potter and WFBNA.

26.   Governing law.  This Agreement shall be construed and enforced in accordance with the laws of the State of _____ and federal law, where applicable.

Dated 2/2 ___ 2011   _____
                      Sidney Potter

Dated 2/7 ___ 2011    _____



                      Wells Fargo Bank, N.A. ____

Dated 4/11 ___ 2011   _____
                      By: __
                      Its: _____



SECURITIES AND COMMODITIES         To:         Fax:         Carlsbad CA 92_____         Office Nationwide
Trading and Arbitration



                            June 22, 2006


**VIA E-MAIL**

Mr. Potter

Re: Acceptance   **Submitted for purposes of settlement negotiations only.**
                 **(Cal. Evid. Code Section 1152 et seq.)**


I accept your settlement offer set forth in your letter dated June 19, 2006.  You will receive under separate cover a check in the amount _____ satisfy the judgment and costs.

For the record, I want you to know that this was not an "unauthorized" practice of law by Mr. _____.  Your complaint letter to the State Bar acknowledged that I "reviewed your


WELLS FARGO BANK
STATE BAR of CALIFORNIA



STATE BAR of CALIFORNIA

**Subject:**    Notice of Scheduled Interview

**From:**    noreply@eeoc.gov (noreply@eeoc.gov)

**To:**    dsidneypotter@yahoo.com;

**Date:**    Thursday, December 7, 2017 11:29 AM

You are scheduled for an interview by Phone with the Equal Employment Opportunity Commission (EEOC) **New York** office, located at **33 Whitehall Street, New York, NY 10004** regarding your inquiry **520-2018-01028**. This email confirms your appointment with an EEOC representative of the **New York** office for **01/09/2018** at **09:00 AM**.

At the time of you interview, please have the password for your EEOC Public Portal user account with you

Before your interview, please visit EEOC Public Portal as soon as possible to provide additional information about your inquiry. Providing additional information is optional, but can help make the interview more productive and efficient. You may add or edit the additional information up until you have your interview with EEOC. The information you provide is confidential and will not be disclosed to your employer during an investigation.

**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**

A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination. It requests EEOC to take remedial action. The laws enforced by EEOC, except the Equal Pay Act, require you to file a charge before you can file a lawsuit for unlawful discrimination. There are strict time limits for filing a charge.

To change or cancel your appointment, please log into the EEOC Public Portal and select the Schedule an Interview option for your inquiry.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digitalsupport@eeoc.gov and destroy all copies of the original message and attachments.*

PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL




U.S. POSTAGE
PAID
SOUTH PLAINFIELD,
07080
DEC 07, 17
AMOUNT
**$23.75**
R2304M110287-07

1007          90012

# PRIORITY
★ **MAIL** ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

This envelope is made from post-consumer waste. Please recycle - again.

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)          PHONE ( 818 ) 298-____

D. SIDNEY POTTER
P.O. BOX 287
PASADENA, CA 91102

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC - 8 2017
DISTRICT OF CALIFORNIA
DEPUTY



**EMO21938314US**

**ΣMO21938314US**

**UNITED STATES POSTAL SERVICE ®**    **PRIORITY MAIL EXPRESS™**

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)          PHONE ( )

U.S. DISTRICT COURT
312 N. SPRING ST.
RM G-8, CIVIL INTAKE
LOS ANGELES, CALIFORNIA 90012

ZIP + 4® (U.S. ADDRESSES ONLY)

‖ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
‖ $100.00 insurance included.



**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| ☑ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 07080 | 12-8 | $ 23.75 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 12-7-17 | ☐ 10:30 AM ☑ 3:00 PM ☐ 12 NOON | $ | $ |
| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
| | $ | $ | $ |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| $ | $ | | |
| Weight ☐ Flat Rate | Acceptance Employee Initials | | |
| lbs. 10 ozs. | RD | | |
| | $ | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, OCTOBER 2016    PSN 7690-02-000-9996          3-ADDRESSEE COPY

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP13F July 2013   OD: 12.5 x 9.5



P S 10001000006

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE





UNITED STATES POSTAL SER